UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BIDZ.COM, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | MASTER FILE NO. CV09-04984-PSG<br><br>**[PROPOSED] ORDER GRANTING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED DERIVATIVE COMPLAINT**<br><br>DATE : November 1, 2010<br>TIME: 1:30 p.m.<br>JUDGE: The Hon. Philip S. Gutierrez<br><br>TRIAL DATE: NONE SET |

## ORDER

Plaintiffs filed an Amended Complaint on May 18, 2010, alleging that defendants David Zinberg, Lawrence Y. Kong, Claudia Y. Liu, Leon Kuperman, Peter G. Hanlet, Garry Y. Itkin, and Man Jit Singh (collectively, the "Individual Defendants") breached their fiduciary duties, misappropriated inside information, violated California Corporation Code Section 25402, committed acts of corporate waste, and were unjustly enriched. On July 12, 2010, the Individual Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) on the grounds that Plaintiffs' Amended Complaint fails to state a cause of action, even assuming all factual allegations are true, that any of the Individual Defendants breached their fiduciary duties to the corporation, violated California Corporation Code Section 25402, committed acts of corporate waste, and were unjustly enriched. After briefing, the Court heard oral argument on the Individual Defendants' Motion on November 1, 2010.

Count I of Plaintiffs' Complaint must be dismissed because Plaintiffs have failed to allege a breach of fiduciary duty claim under the standard announced in *In re Caremark Int'l Derivative Litig.*, 698 A.2d 959 (Del. Ch. 1996), which requires the Plaintiffs to allege that the directors and officers acted in bad faith. To meet this standard, Plaintiffs must have alleged that either (a) the defendants utterly failed to implement any system of controls or oversight, or (b) having implemented a system of controls, the directors consciously failed to monitor or oversee its operation. *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006). A plaintiff must plead facts that show either the absence of controls or the board's knowledge that the controls were inadequate but chose to do nothing about it. *Desimone v. Barrows*, 924 A.2d 908, 940 (Del. Ch. 2007).

Count I, the breach of fiduciary duty claim against all Individual Defendants, must be dismissed because Plaintiffs have failed to plead any specific facts

demonstrating any of the Directors' bad faith with respect to oversight and a system of controls. Likewise, Plaintiffs have also failed to plead facts showing that the Individual Officer Defendants – Chief Operating Officer Claudia Liu and Chief Technology Officer Leon Kuperman – acted in bad faith or with gross negligence.

Counts II and III, Plaintiffs' claims against Defendants Zinberg and Liu for breach of fiduciary duty for insider selling/misappropriation of information and violation of California Corporation Code Section 25402, must also be dismissed for failure to state a claim for relief. Plaintiffs have failed to show that Zinberg and Liu acted with actual knowledge, by trading, in whole or in part, because they possessed material, adverse, nonpublic information. *In re Countrywide Fin. Corp. Derivative Litig.*, 554 F. Supp. 2d 1044, 1079 (C.D. Cal. 2008).

Count IV, Plaintiffs' claim for corporate waste, must also be dismissed. Waste will arise only in the "rare 'unconscionable case where directors irrationally squander or give away corporate assets.'" *Brehm v. Eisner (In re Walt Disney Co. Derivative Litig.),* 906 A.2d 27, 74 (Del. 2006). Plaintiffs must "shoulder the burden of proving that the exchange was so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration." *Id*. at 75. Plaintiffs' claims that payment of bonuses or legal defense costs constitute the type of "rare, unconscionable" acts necessary to establish waste necessarily fails as a matter of law.

Finally, Count V, for unjust enrichment, must also be dismissed. Plaintiffs have failed to adequately plead the requisite elements of unjust enrichment. *See McPadden v. Sidhu*, 964 A.2d 1262, 1277 n.4 (Del Ch. 2008).

Having considered the Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Joint Request for Judicial Notice, all pleadings and papers filed herein, oral argument of counsel, and good cause appearing therefore, the Individual Defendants' Motion is hereby GRANTED.

//

//

**IT IS HEREBY ORDERED** that Plaintiffs' Complaint against Defendants David Zinberg, Lawrence Y. Kong, Claudia Y. Liu, Leon Kuperman, Peter G. Hanlet, Garry Y. Itkin, and Man Jit Singh be **DISMISSED WITH PREJUDICE.**

Dated: __________, 2010

_________________________________________
THE HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE